IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA[1]

| | |
|---|---|
| EDWARD ALAN PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-06-100-F |
| ) | |
| MIKE ADDISON, Warden, ) | |
| ) | |
| Respondent. ) | |

## **Report and Recommendation**

Mr. Edward Porter seeks habeas relief,[2] and the Court should transfer the action to the Northern District of Oklahoma.

The Petitioner is challenging acceptance of the plea and validity of the sentence imposed in Tulsa County District Court. That court is located in the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). Because Mr. Porter is incarcerated in Lexington, Oklahoma,[3] the Northern and Western districts have concurrent jurisdiction over the habeas petition. *See* 28 U.S.C. § 2241(d). However, this Court has discretion to transfer the action to the Northern District of Oklahoma for hearing and determination. *See id.*

---

[1] The habeas petition identifies the forum as the Northern District of Oklahoma. In a telephonic conference, however, Mr. Porter stated that he had intended to file the action in the Western District of Oklahoma. *See* Minute Entry (Jan. 31, 2006).

[2] The habeas petition is unsigned. Mr. Porter has been instructed to sign a copy of the habeas petition and to file a signed version in the Western District of Oklahoma. *See* Minute Entry (Jan. 31, 2006).

[3] Lexington, Oklahoma, is in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The Court should exercise its discretion and transfer the action to the Northern District of Oklahoma. For a habeas petition which challenges the validity of a conviction or sentence, this district and the Northern District of Oklahoma have shared the view that adjudication should ordinarily take place in the sentencing court. This view is based, in part, on the shared belief that ordinarily the trial records and counsel will be available there. Under these circumstances, the undersigned recommends transfer of the action to the Northern District of Oklahoma.[4]

The Petitioner is advised of his right to object to this report and recommendation by February 21, 2006. *See* 28 U.S.C. § 636(b); W.D. Okla. LCvR 72.1(a). Any such objection must be filed with the Court Clerk for the United States District Court, Western District of Oklahoma. Failure to timely object would waive Mr. Porter's right to challenge the transfer in a subsequent appeal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

The undersigned directs the Court Clerk to send the report and recommendation to the Petitioner and the Attorney General of Oklahoma. The copy for the Attorney General of Oklahoma is for informational purposes only.

Entered this 31st day of January, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[4] In a telephonic conference, Mr. Porter stated that he did not object to transfer of the action to the Northern District of Oklahoma. *See* Minute Entry (Jan. 31, 2006).